UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MATTHEW McQUISTON and ) | |
| JOANNA McQUISTON, ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | 1:06-cv-1668-LJM-WTL |
| ) | |
| JAMES K. HELMS and ) | |
| J.B. HUNT TRANSPORT, INC., ) | |
| Defendants. ) | |

## ORDER

This cause is before the Court on Defendants', James K. Helms ("Helms") and J.B. Hunt Transport, Inc. ("J.B. Hunt") (the defendants collectively, "Defendants"), Motion for Summary Judgment (Docket No. 28), and on Plaintiffs', Matthew McQuiston ("McQuiston") and Joanna McQuiston ("wife") (the plaintiffs collectively, "the McQuistons"), Motion to Strike Opinion Testimony of Mark Carnell (Docket No. 50) and Request for Oral Argument on Defendants' Motion for Summary Judgment (Docket No. 51). The McQuistons' lawsuit stems from an automobile accident where McQuiston was involved in a collision with a J.B. Hunt semi-tractor and trailer driven by Helms. The McQuistons claim that Helms negligently operated the semi-tractor and trailer and that, as a result, McQuiston suffered severe personal injuries. McQuiston seeks to recover his losses attributable to his injuries and his wife seeks to recover on a loss of consortium claim. The instant motions have been fully briefed and are now ripe for ruling.

For the reasons stated herein, the Motion for Summary Judgment, Motion to Strike, and Request for Oral Argument are all **DENIED**.

## I. BACKGROUND

The accident in question took place on April 21, 2006, at approximately 9:20 a.m., on westbound Interstate 70 just under the Interstate 465 overpass on the east side of Indianapolis, Indiana. Prior to the accident, McQuiston had been traveling west in the far right-hand lane of Interstate 70 when he noticed that his car was pulling to the right. McQuiston Dep. at 59. He pulled his car onto the right shoulder to investigate. *Id.* at 60. By the time he stopped the vehicle, McQuiston realized that his right front tire was flat. *Id.* McQuiston proceeded to exit his vehicle.

Helms was also traveling westbound in the far right lane when he noticed McQuiston's vehicle parked on the shoulder. Helms's Answers to Interrogs., No. 6. Helms contends that he activated his left turn signal but was unable to merge into the center lane due to traffic conditions. *Id.*; Helms Dep. at 69. Helms asserts that he then slowed down and pulled as far to the left of the lane as possible to avoid hitting McQuiston; however, the right side of Helm's truck struck McQuiston. Helms's Answers to Interrogs., No. 6; Helms Dep. at 70-71; Green Dep. at 31; Carnell Dep. at 20; Pl.'s Ex. 7.

Both drivers assert that the other is at fault for the accident. McQuiston claims that the traffic was light and that he exited his car and proceeded to walk toward the front of this vehicle to inspect the flat tire when he was struck. McQuiston Dep. at 62, 69. He contends that he never stepped into the travel lane. *Id.* at 69. In contrast, Helms claims that McQuiston exited his vehicle and stepped out into the travel lane. Helms's Answers to Interrogs., No. 6; Helms Dep. at 90.

The only witness to the accident, Stephen Green ("Green"), was traveling westbound on Interstate 70 just in front of Helms. Green Dep. at 18-19. When Green first noticed McQuiston's vehicle, he saw McQuiston getting out of the car. *Id.* at 12. Green testified at his deposition that he

does not know if McQuiston walked into the travel lane. *Id.* at 17. However, Green did state that when he passed McQuiston's vehicle McQuiston was holding the door close against himself and that it "didn't seem like [McQuiston] was too awfully close to the travel lane, but it didn't seem like he was too far over." *Id.* at 13-14, 30. Indeed, Green thought the situation was dangerous and that he came close to hitting McQuiston himself. *Id.* at 16, 20. He also said that "[i]t looked like [McQuiston] tried to swing his door shut and step around his door" before McQuiston was struck. *Id.* at 17.

The officer who investigated the accident noticed that McQuiston's door extended approximately ten inches into the right-most travel lane. Carnell Dep. at 22-23, 27; Defs.' Ex. 7. Helms's truck never made contact with any part of McQuiston's vehicle. Carnell Dep. at 21; Green Dep. at 20; McQuiston Dep. at 65; Helms Dep. at 90; Defs.' Ex. 7. All of the damage to Helms's vehicle was to the right side just in front of the back wheels of the semi cab. Pl.'s Ex. 7.

## II. SUMMARY JUDGMENT STANDARD

Motions for summary judgment are governed by Rule 56(c) of the Federal Rules of Civil Procedure, which provides in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment is the "put up or shut up" moment in a lawsuit. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003), *reh'g denied*. Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the

pleadings but must instead submit evidentiary materials which "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997 (7th Cir. 1996), *cert. denied*, 520 U.S. 1116 (1997). It is not the duty of the Court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies. *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). When the moving party has met the standard of Rule 56, summary judgment is mandatory. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Shields Enters., Inc. v. First Chi. Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992).

In evaluating a motion for summary judgment, a court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the light most favorable to the nonmoving party. *See Estate of Cole v. Fromm*, 94 F.3d 254, 257 (7th Cir. 1996), *cert. denied*, 519 U.S. 1109 (1997). The mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. Only factual disputes that might affect the outcome of the suit in light of the substantive law will preclude summary judgment. *See Anderson*, 477 U.S. at 248; *JPM Inc. v. John Deere Indus. Equip. Co.*, 94 F.3d 270, 273 (7th Cir. 1996). Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). "If the nonmoving party fails to establish the existence of an element

essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir. 1996), *cert. denied*, 519 U.S. 1115 (1997).

### III.  DISCUSSION

Before turning to the Motion for Summary Judgment, the Court addresses the McQuistons' request for oral argument and their Motion to Strike. With respect to the request for oral argument, the Court finds that it is fully informed about the issue from the briefs and, accordingly, **DENIES** the request for oral argument.

The Motion to Strike is also **DENIED**. The McQuistons take issue with the opinion of the investigating officer, Mark Carnell ("Carnell"), that McQuiston is at fault for the accident on the basis that it is improper expert testimony under Federal Rule of Evidence 702. Defendants apparently do not dispute the McQuistons' contentions as they assert that they are not offering Carnell as an expert witness in this matter. Defendants nonetheless argue that Carnell's testimony should not be struck because he arrived on the scene shortly after the accident, observed the layout, and can offer his personal observations. Based on Defendants' representations, the Court is unwilling to completely strike Carnell's testimony and therefore **DENIES** the motion to strike.

Turning to the Motion for Summary Judgment, the Court concludes that there is at least one question of material fact that precludes granting judgment in favor of Defendants. Specifically, the parties dispute whether McQuiston entered the travel lane. The one witness to the accident, Green, is unable to definitively answer that question. Although the Court could reach a conclusion on that question using the evidence currently before it, to do so would improperly invade the province of

5

the jury. Moreover, the Court is cognizant of the oft-repeated statement by the Indiana courts that summary judgment is rarely appropriate in negligence cases "because [they] are particularly fact sensitive and are governed by a standard of the objective reasonable person -- one best applied by a jury after hearing all of the evidence." *Rhodes v. Wright*, 805 N.E.2d 382, 387 (Ind. 2004). *See also Bowman v. Tippmann Enters.*, 868 N.E.2d 1172, 1174 (Ind. Ct. App. 2007) (citation omitted); *Schoop's Rest. v. Hardy*, 863 N.E.2d 451, 454 (Ind. Ct. App. 2007) (citations omitted). In light of the foregoing, Defendants' motion is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs', Matthew McQuiston and Joanna McQuiston, Motion to Strike Opinion Testimony of Mark Carnell (Docket No. 50) and Request for Oral Argument on Defendants' Motion for Summary Judgment (Docket No. 51) are both **DENIED**.

In addition, Defendants', James K. Helms and J.B. Hunt Transport, Inc., Motion for Summary Judgment (Docket No. 28) is **DENIED**.

IT IS SO ORDERED this 13th day of May, 2008.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

**Electronically distributed to:**

William Frederick Conour
CONOUR LAW FIRM, LLC
wfc@tortsurfer.com

Timothy Francis Devereux
CONOUR LAW FIRM, LLC
tfd@tortsurfer.com

Robert D. Emmerson
DEFUR VORAN LLP
remmerson@defur.com

Keith A. Gaston
DEFUR VORAN LLP
kgaston@defur.com